
IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

ROBERT C. MARTINEZ, )
        Plaintiff, )
)
                                                08 C 5 0 0 25
vs. )
                                                Case No. _____
)
**KAY SHERDIAN**, Medical Director for )
Dixon Correctional Center, **Dr. NGU**, )                    KAPALA
Contracted Physician for the Dixon )
Correctional Center, **Dr. MESROBIAN**, )
Contracted Physician for the Dixon )
Correctional Center, **Dr. LEMIRE**, )                    RECEIVED
Contracted Physician for the Dixon )
Correctional Center, **C. BARNHART**, )                     FEB 1 5 2008
Grievance Officer for Dixon Correcti- )
onal Center, **SHERRY CRONE**, Northern )
Coordinator for Illinois Department of )                JURY DEMAND
Corrections Medical Issues, **Dr. SHUMAN**, )
Correctional Medical Director, and )
**WAXFORD HEALTH SOURCES**, all the )
parties are being sued, joint and several, )
in their individual and their official )
capacities, )
)
        Defendants. )

## COMPLAINT

    This is a Title 42 U.S.C. Section 1983 action filed by Robert C. Martinez, an Illinois state prisoner, alleging violation of his Eighth Amendment Constitutional Rights and seeking monrtary, decaratory and compensatory judgment, and liability for punitive damages, and he seeks this Court to order injunctive relief.

## JURISDICTION

    I. This is a civil rights action under 42 U.S.C. Section 1983. This Court has jurisdiction pursuant to Title 28 U.S.C. Section 1343. Plaintiff invokes the pendent jurisdiction of this Honorable Court.

## NATURE OF COMPLAINT

**II.** Defendants are fully responsible for damages caused to the Plaintiff by their Negligence and Medical Malpractice, a Deliberate Indifference, causing personal and permanent injury to Plaintiff. The Defendants have knowingly, willingly and wantonly subjected the Plaintiff to risk of serious harm by refusing to provide adequate medical care and treatment for Plaintiff's deteriorating hip.

## PARTIES

**III.** A. Plaintiff, Robert C. Martinez, is an individual and is now, and at all times mentioned in this complaint, an inmate of the Illinois Department of Corrections, detained in custody at Dixon Correctional Center, 2600 North Brinton Avenue, Dixon, Illinois 61021.

B. Defendant, Kay Sherdian, is at all times mentioned in this complaint, a contracted employee of the State of Illinois, through the Illinois Department of Corrections, as a Medical Director for the Dixon Correctional Center with an office located at; 2600 North Brinton Avenue, Dixon, Illinois 61021.

C. Defendant, Dr. Mesrobian, is at all times mentioned in this complaint, a contracted employee of the State of Illinois, through the Illinois Department of Corrections, as a Physician for the Dixon Correctional Center with an office located at; 2600 North Brinton Avenue, Dixon, Illinois 61021.

D. Defendant, Dr. Ngu, is now, and at all times mentioned in this complaint, a contracted employee of the State of Illinois, through the Illinois Department of Corrections, as a Physician for the Dixon Correctional Center with an office located at; 2600 North Brinton Avenue, Dixon, Illinois 61021.

E. Defendant,Dr.Lemire,is at all times mentioned in this complaint,a contracted employee of the State of Illinois,through the Illinois Department of Corrections,as a Physician for the Dixon Correctional Center with an office located at; 2600 North Brinton Avenue,Dixon,Illinois 61021.

F. Defendant,Chris Barnhart,is now,and at all times mentioned in this complaint,an employee of the State of Illinois,through the Illinois Department of Corrections,as a Correctional Grievance Officer for the Dixon Correctional Center with an office located at; 2600 North Brinton Avenue,Dixon,Illinois 61021.

G. Defendant,Sherry Crone, is now,and at all times mentioned in this complaint,a contracted employee of the State of Illinois,through the Illinois Department of Corrections,as a Northern Coordinator for Medical Issues with an office located at;100 West Randolph Street,Suite 4-200 Thompson Center,Chicago,Illinois 60601.

H. Defendant,Dr.Shuman,is now, and at all times mentioned in this complaint,a contracted employee of the State of Illinois,through the Illinois Department of Corrections, as a Correctional Medical Director for the State of Illinois with an office located at;1301 Concordia Court,Springfield,Illinois 62794.

I. Defendant,Waxford Health Sources,is now,and at all times mentioned in this complaint,a corporation that is contracted by the State of Illinois for correctional health care services for corrections with an office located at;381 Mansfield Avenue/Suite 205,Pittsburg, Pennsylvania 15220.

## PREVIOUS LAWSUITS

**IV.** Currently there are no other lawsuits or any other type actions been filed with respect to this complaint.

## PRISONER GRIEVANCE PROCEDURE

**V.** All administrative remedies have been fully exhausted and are favorable to Plaintiff(copies attached hereto).

## STATEMENT OF CLAIM

Place of occurrence: <u>Dixon Correctional Center</u>

Date of occurrence: <u>December 26, 2006</u>

Witness to the occurrence: <u>3 inmates and 5 staff</u>

1. Plaintiff is currently 73 years of age and he suffers from a serious deteriorating right hip that has been examined and [or] diagnosed as needing hip replacement surgery as of November 30, 2004, also Plaintiff suffers serious deteriorating heart condition and has had recent surgery in a stent being placed into his right arterial artery as a result of a heart attack that occurred on November 25 2006.

2. On or about October 30, 2004, Defendant Lemire examined Plaintiff at the institutional Health Care Unit in response to the several complaint's, Plaintiff made pertaining to pain in the right hip area, Defendant Lemire's diagnosis was that a pulled grion muscle is the source of Plaintiff's pain in the right hip region.

3. Defendant Lemire then ordered physical therapy for Plaintiff to correct the pulled grion muscle.

4. On November 30, 2004, Plaintiff was examined by Dr. Tulyasathien and as a result right hip two views of the right hip demonstrate that changes primarily involving the superolateral aspect of the jiont space with some marginal hypertrophic change.

4.

5. On December 10, 2004, Plaintiff was again examined and noted that Plaintiff was not benefiting from the physical therapy for an alleged pulled groin muscle or grion pain. The Dr. determined that hip replacement is needed and that Plaintiff should be discharged from physical therapy.

6. On March 31, 2005, Defendant Mesrobian entered a report after a full examination of Plaintiff submitting Plaintiff for the wait list for hip replacement.

7. Defendant Lemire knowingly, willingly and wantonly without any thought, care or concern for the health or well being of the Plaintiff diagnosed a hip pain problem as a pulled groin muscle and then ordered physical therapy which caused more pain and damage to the right hip area subjecting Plaintiff to additional suffering is medical malpractice.

8. Defendant Mesrobian knowingly, willingly and wantonly without any thought, care or concern for the health or well being of Plaintiff refused to follow up on any of the recommendations or treatment that has been ordered for Plaintiff.

9. Defendant Ngu has seen Plaintiff and examined him several times in 2007, but Defendant has refused to provide any recommendation to get Plaintiff the hip replacement as needed.

10. On November 25, 2006, while still on the wait list for hip replacement, Plaintiff suffered a heart attack. Plaintiff was then transported to KSB Hospital in Dixon, then and there, Plaintiff was diagnosed as very serious and then flown by helicopter to St. Anthonys Hospital in Rockford, Illinois.

11. On November 27, 2006, after being transported by air from KSB Hospital in Dixon, Illinois to St. Anthonys Hospital in Rockford, Illinois, Plaintiff received a stent in his right arterial artery as a result of emergency surgery.

12. Defendants Lemire and Mesrobian failed to report the issue of heart problems in any of their former examinations.

13. Plaintiff complained several times to both Defendants Lemire and Mesrobian about a tightening of the chest area every time he had to walk to the dining room and both Defendants told Plaintiff that it was just age.

14. That on or about, November 29, 2006, Correctional Officer Noble arrived at St. Anthonys Hospital to pick up Plaintiff and then return him to Dixon Correctional Center.

15. The van used to transport Plaintiff was a "Cage Van" which is used for violent inmates or uncontrollable psychologically problem inmates. Said van serves no logical propose to transport a 72 year old man who just had heart surgery.

16. Plaintiff asked Officer Noble why a cage van is to be used to transport Plaintiff back to Dixon Correctional Center, Officer Noble called the institution and asked for a regular van, but for some reason Defendant Sherdian refused to allow for Plaintiff to be transported in any other type vehicle.

17. Defendant Sherdian stated that there is no reason Plaintiff can not ride in the cage.

18. Defendant Sherdian knowingly, willingly and wantonly without any thought, care or concern for the health or well being of Plaintiff forced Plaintiff to be transported in a cage van following serious heart surgery.

19. Defendant Sherdian, knew or should have known that a 72 year old man needing hip replacement and just had heart surgery should not be transported in a cage van. The actions of Defendant are that of deliberate indifference, causing pain and suffering to an inmate who is not able to sit in a cage van without being in very serious pain considering all given circumstances.

20. Plaintiff filed a grievance pertaining to the issues in this complaint on December 25, 2006, Defendant Sherdian responded to the grievance stating that no hip replacement was ever mentioned. The response of Defendant is belied by the record. Defendant knowingly provided false information in an attempt to cover up her errors.

21. The grievance was then sent to the Grievance Officer who is Defendant Barnhart who agreed with Defendant Sherdian and ultimately denied said grievance without any investigation being conducted.

22. The grievance was then sent to the Administrative Review Board along with copies of all recommendation for hip replacement and on October 29, 2007, the Administrative Review Board stated the following: the grievance and issues associated with it, along with copies of documents provided by grievant are forwarded to the Office of the Agency Medical Director. A report on the documents and grievants treatment is to be provided to the Director in a reasonable time period by the Agency Medical Director's Office (Copies attached hereto).

23. Defendant Crone has taken no action to provied or arrange for hip replacement as recommended and [or] directed by the Administrative Review Board.

24. Defendant Shuman has taken no action to provide or arrange for hip replacement as recommended and [or] directed by the Administrative Review Board.

7.

25. Defendant Waxford Health Sources is fully liable for all the emotional suffering and pain Plaintiff has, and continues to be, subjected to as a result of Defendant's deliberate indifference, Waxford Health Sources Inc., has a liability for the act or actions of their employees.

26. Defendant Sherdian has a duty by virtue of the law of the State of Illinois to provide medical care and treatment for any committed person, and in this case Defendant negligently, carelessly or willfully and wantonly, with total conscious disregard for the health and well being of Plaintiff, ordered his transport in a cage van just after serious heart surgery, while knowing Plaintiff's right hip is in painful condition.

27. Defendant Mesrobian has a duty by virtue of the law of the State of Illinois to provide medical care and treatment for any committed person, and in this case Defendant negligently, carelessly or willfully and wantonly, with total conscious disregard for the health and well being of Plaintiff, refused to follow up on the hip replacement recommendation and refused to examine Plaintiff after Plaintiff complained about chest pain.

28. Defendant Lemire has a duty by virtue of the law of the State of Illinois to provide medical care and treatment for any committed person, and in this case Defendant negligently, carelessly or willfully and wantonly, with total conscious disregard for the health and well being of Plaintiff, knowingly diagnosed a hip pain problem as that of a pulled groin muscle and then ordered physical therapy which caused serious additional damage to a deteriorating hip problem.

29. Defendant Ngu has a duty by virtue of the law of the State of Illinois to provide medical care and treatment for any committed person, and in this case Defendant negligently, carelessly or willfully and wantonly, with total conscious disregard for the health and well being of Plaintiff, refused to follow up on the hip replacement recommendation and refused to examine Plaintiff after Plaintiff complained about chest pain.

30. Defendant Crone has a duty by virtue of the law of the State of Illinois to provide medical care and treatment for any committed person, and in this case Defendant negligently, carelessly or willfully and wantonly, with total conscious disregard for the health and well being of Plaintiff, refused to comply with the orders of the Administrative Review Board as dated October 29, 2007, which directs Defendant to proceed accordingly.

31. Defendant Shuman has a duty by virtue of the law of the State of Illinois to provide medical care and treatment for any committed person, and in this case Defendant negligently, carelessly or willfully and wantonly, with total conscious disregard for the health and well being of Plaintiff, refused to comply with the orders of the Administrative Review Board as dated October 29, 2007, which directs Defendant to proceed accordingly.

32. Plaintiff's Constitutional Rights under the Eighth Amendment have been violated collectively by all Defendant's whereas the delay in hip replacement is due to their lack of concern or care for the health needs of Plaintiff, in fact Plaintiff has been waiting for the hip replacement since November 30, 2004.

33. Currently Plaintiff can not walk very well at all due to his right hip problems. Most of the time Plaintiff is in much pain and suffers from the cold air against his hip when he is out doors. Plaintiff is now 73 years old and Defendant's act or actions' in this case is absolutely cruel and unusual punishment. Plaintiff has a right to proper medical treatment.

**WHEREFORE,** Plaintiff requests that this Honorable Court grant the following relief:

A. Award compensatory damages in the following amount; 1.5 Million dollars against Defendant's for the emotional and physcial pain sustained as a direct result of their medical malpractice.

B. Award punitive damages in the following amount; 2 Million dollars against Defendant's for their deliberate indifference and denial of medical treatment.

C. Enter a declartory judgment against Defendant's.

D. Enter an injunctive order aborgating Defendant's from not providing proper medical care for the Plaintiff.

E. Grant such other relief as it may appear Plaintiff is entitled to.

DATE: *FEB, 8Th*, 2008

                                            Respectfully Submitted,

                                            Robert C. Martinez/Plaintiff

Robert C. Martinez
Reg.No. C-51285
Dixon Correctional Center
2600 North Brinton Avenue
Dixon, Illinois 61021
*Phone: 815.288.5561*

IN PROPRIA PERSONA

| Date: 12-25-06 | Committed Person (Please Print) Robert C. Martinez | Facility where grievance issue occurred: Dixon C.C. | ID#: C57253 |
|---|---|---|---|
| Present Facility: Dixon Correctional | | | 12/GP |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report:
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [x] Medical Treatment
- [x] Disability
- [ ] Other (specify):

Date of Report _____  Facility where issued _____

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** This grievance is for failure of institutional and medical staff to provide treatment (surgery for right hip replacement) and the indifference to pain and suffering and purposely delaying and putting off much needed surgery for the sole purpose of saving institutional costs. I have been in extreme pain and suffering and unduly denied since April of 2004, at which time it was diagnosed as an ingrown pull. Ultimately I received an x-ray of pelvis which showed degeneration of right hip with recommendations of ortho Dr Tully of KSB hospital in Dixon for hip replacement on March 30, 2005. I was taken to Hurti Hospital and saw the ortho there. He took are look at the x-rays and told me hip replacement surgery. It's been for denial/negligence at medical treatment and pain, suffering at hip surgery. 3 ADA and the denial & negligence at medical treatment of serious life threatening heart condition.

(Continue on reverse side if necessary)

**Relief Requested:** (Relief continued back page)

[ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Committed Person's Signature _Robert Martinez_  ID# C57253  Date 12-25-06

---

**Counselor's Response (if applicable)**

Date Received: 1/18/07   [ ] Send directly to Grievance Officer   [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

**Response:** Per Mrs. Sherdian-HCU you were seen 4/26/06 in Autho. for hip pain and it was recommended you be seen in a year, no mention of hip replacement. On 11/29/06 when returned from hospital were angioplasty was performed and stint placed in r coronary artery you were seen by Dr.Nau and meds were adjusted. On 12/18/06 seen by Dr and referral made to FMC then saw cardiology clinic, meds at this needs adjusted in six mos. at this time. Meds have been adjusted. You can sign up for sick call when you feel the need. The medical director makes the decisions on what treatment inmates receive and Dr.Nau has a plan for you. No further action at this level.

G.Poci,CCII

Print Counselor's Name _G.Poci, CCII_   Counselor's Signature   Date of Response 1/18/07

---

**EMERGENCY REVIEW**

Date Received: _____

Is this determined to be of an emergency nature?
[ ] Yes; expedite emergency grievance
[ ] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

Chief Administrative Officer's Signature _____  Date _____

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**COMMITTED PERSON'S GRIEVANCE** (Continued)

me I needed a hip replacement and that I was suffering from arthritic pain. He scheduled me for a visit a year from the date I was there (2016) I went to the Hill St Hospital approximately a year later with the same result – to go back a year later again and I was scheduled to go back April of 2007 with no assurance of surgery without all of this pretense of care has been nothing but a stall all the part of all parties concerned resulting in continuance pain and suffering for no just reason).

(2) On the 25th of November 2006 I suffered a serious heart attack at which time I was taken to KSB Hospital at Dixon where it was diagnosed as very serious and I was then by Helicopter to St Anthonys Hospital in Rockford IL where they performed surgery and placed a stent in my right arterial artery. (Previous to that I had complained about a tightening of the chest area every time I worked to the mess hall and was told I was just "age" (I'm 70 yrs old)

(3) Two days after surgery (which was performed on the 27th Nov 2006) I was discharged from the hospital (Nov 29, 2006) and when the correctional officer came to take me back to Dixon C.C. I asked him what kind of van he drove. He informed me he had a "cage van" which is a very confined metal cage much like a dog cage and extremely uncomfortable and painful because of my hip condition and my weakness from the surgery. I had officer Noble call the institution and ask them to send a regular van to transport me back. For some unearthly reason he called the Medical Director Kay Sheridan and talked to her. Her response was " There is no reason he (meaning me) can't ride in the Cage". Nor was it her ease to my painful hip and to fact I had just had heart surgery was clear to me.

Grievant further sayeth naught

Relief Cont.

4. $500,000 for medical malpractice and negligence resulting in near death emergency heart surgery.

5. $10,000 for failure to provide proper after care at emergency heart surgery.



**Illinois Department of Corrections**

Rod R. Blagojevich
Governor

Roger E. Walker Jr.
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

October 29, 2007

Robert Martinez
Register No. C51285
Dixon Correctional Center

Dear Mr. Martinez:

This is in response to your grievance received on April 10, 2007, regarding medical care (Hip replacement issue 06-12-151), which was alleged to have occurred at Dixon Correctional Center. This office has determined the issue will be addressed without a formal hearing.

In your grievance you write that outside doctors recommended hip replacement surgery for you on December 2, 2004 and again on March 30, 2005. You include copies of the medical reports with your grievance.

The Grievance Officer's report and subsequent recommendation dated March 14, 2007 and approval by the Chief Administrative Officer on April 3, 2007 have been reviewed.

This office notes what appear to be records contradictory to the Grievance Officer's report.

**Recommendation: The grievance and issues associated with it, along with copies of documents provided by grievant are forwarded to the Office of the Agency Medical Director. A report on the documents and grievant's treatment is to be provided to the Director in a reasonable time period by the Agency Medical Director's Office.**

FOR THE BOARD: _____
Brian Fairchild
Administrative Review Board
Office of Inmate Issues

**I concur.** The Office of the Agency Medical Director is to proceed accordingly.

_____
Roger E. Walker Jr.
Director

cc:  Warden Nedra Chandler, Dixon Correctional Center
     Robert Martinez, Register No. C51285
     Office of The Agency Medical Director
     Tickler
     Sherry Crone, Northern Coordinator

# RADIOLOGICAL ASSOCIATES OF DECATUR
## 319 EAST MADISON, SUITE 2E
## SPRINGFIELD, IL 62701

PHONE: 217-753-9323                                   FAX: 217-753-9327

---

**Patient:** MARTINEZ, ROBERT  
**DOB:** 4/21/1934  
**Patient #:** C51285  
**Facility:** DIXON CORRECTIONAL CENTER  
**Referring Dr.** TULYASATHIEN,  
**Exam Date:** 11/30/2004  

## AP PELVIS
A single AP view of the pelvis demonstrates an intact bony pelvic ring. There is some evidence of bilateral sacroiliitis and some bilateral degenerative changes involving the hips, more notable on the right. No acute fracture is evident.
IMPRESSION:
1. Bilateral sacroiliitis suggested.
2. Bilateral degenerative changes involving the hips, more notable on the right. No acute fracture.

## RIGHT HIP
Two views of the right hip demonstrate degenerative changes primarily involving the superolateral aspect of the joint space with some marginal hypertrophic change. No acute fracture is evident.
IMPRESSION:
1. Degenerative changes as noted of moderate severity.
2. No acute fractures.

Alan Helrich, MD

vk

STATE OF ILLINOIS - DEPARTMENT OF CORRECTIONS

Facility: Dixon CC

## REQUEST FOR CONSULTATION — REPORT OF CONSULTATION

Inmate's Name: ~~error BAD~~ Martinez        Inmate's Number: C51285 ~~error BAD~~

Consultant's Name: PT

Consult Requested By:            Date:            URGENT ( ) YES  ( ) No

Reason for Consult: (List Problem)

( ) Evaluation
( ) Management

Report of Consultant (Use Reverse Side if Necessary)

**FINDINGS:** Saw Dr Truly. Was told Rt hip was deteriorated + that he needed a hip replacement. Pt indicated that it is getting harder to bear wgt on Rt leg.

**ASSESSMENT:** Instructed in isometric ex for quads, hamstring, abd, add, glut. Also SAQ. Dr Truly also gave him ex to maintain range.

**RECOMMENDATIONS/PLANS:** Since pt not benefiting from therapy + Dr has determined hip replacement needed. Given pain + discharged from therapy. To cont c above HEP. Goals not achieved.

Date: 12-2-04        (Signature of Consultant) BOwers PT        M.D.

FOR CORRECTIONAL CENTER MEDICAL DIRECTOR ONLY:

☐ I have reviewed the recommendations contained in this report and approve them.

☐ I have reviewed the recommendations and disapprove or choose to revise them for the following reason.

Date: DEC 1 0 2004        (Signature of Medical Director)

DC 7105-A1 (Rev. 01/89)
H 426-0027

STATE OF ILLINOIS - DEPARTMENT OF CORRECTIONS

HU/112

Facility **Dixon CC**

## REQUEST FOR CONSULTATION — REPORT OF CONSULTATION

Inmate's Name: **Martinez, Robert**   Inmate's Number: **C51285**

Consultant's Name: **UofI Ortho**   DOB: **4/21/34**

Consult Requested By: **Dr. Mesrobian**   Date: **3/15/05**   URGENT ( ) YES ( ) No

Reason for Consult: (List Problem)

Appointment on 3/30/05 at 2:15 pm

( ) Evaluation
( ) Management

Eval. R Hip

**FINDINGS:** 70 y.o. male with R hip pain for 1 yr.

Report of Consultant (Use Reverse Side if Necessary)

**ASSESSMENT:** DJD right hip

**RECOMMENDATIONS/PLANS:**
- Motrin 600 mg PO BID PRN
- Pt on waitlist for hip replacement
- RTC 1 yr.

Date: 3/30/05        (Signature of Consultant) M.D.

FOR CORRECTIONAL CENTER MEDICAL DIRECTOR ONLY:

[X] I have reviewed the recommendations contained in this report and approve them.

[ ] I have reviewed the recommendations and disapprove or choose to revise them for the following reason.

Date: 3/31/05        (Signature of Medical Director)

DC 7103-A1 (Rev. 01/89)
IL 426-0027

